STATE of Tennessee, DEPARTMENT OF HUMAN SERVICES, for Dorothy MARTIN, Plaintiff–Appellee,

v.

Franchot NEILSON, Defendant–Appellant.

Court of Appeals of Tennessee, Western Section, at Jackson.

Jan. 12, 1989.

Permission to Appeal Denied by Supreme Court May 1, 1989.

---

Hughie Ragan, Jackson, for defendant-appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Stuart F. Patton, Asst. Atty. Gen., Nathan B. Pride, Asst. Dist. Atty., for plaintiff-appellee.

HIGHERS, Judge.

The defendant, Franchot Neilson, appeals a jury finding in this paternity action that he is the father of Stephanie Pearson. The appeal is based primarily on Neilson's assertions that the Madison County Circuit Court improperly admitted a deposition which failed to comply with T.R.Civ.P. 30 and 31.

Neilson and Dorothy Martin slept together at least once in 1973. In December of 1973, Martin gave birth to Pearson. In 1986, the State of Tennessee, on the ground that Pearson "is, or is in danger of becoming a public charge," filed a petition in General Sessions Court on behalf of Martin alleging that Neilson was the natural father of Pearson. Neilson answered, denying paternity.

Neilson later filed a motion to dismiss on the grounds that the petition was not authorized at law and that the accompanying affidavit was insufficient. Upon his request for a jury trial, the case was transferred to Circuit Court. After the transfer, Neilson renewed his motion for dismissal which was not addressed in General Sessions. That motion was denied.

In February of 1988, after a default judgment was set aside for lack of notice, trial was held. During the trial, Neilson raised two objections to the admission of the deposition of Dr. Jerry Lynn Morrisey who testified regarding blood tests as a

proof of paternity. The objections were based on non-compliance with T.R.Civ.P. 30 and 31 and on the assertion that the deposition contained inadmissible hearsay. These objections were overruled.

At the conclusion of the trial, the jury found that the petition was well taken and that Neilson was in fact the true and natural father of Stephanie Pearson, and the trial court entered an order in accordance with the finding. After the trial court denied Neilson's motion for a new trial, Neilson appealed to this Court asserting that the trial court erred in denying his motion for dismissal, in overruling his objections to the deposition and in affirming the finding of the jury.

The first issue is whether the court erred in denying Neilson's Motion to Dismiss. That motion was based on Neilson's assertion that the petition was not authorized under the relevant statute because the affidavit was insufficient. The statute in question is T.C.A. § 36–2–103(d) (Supp.1988), which provides that petitions to establish paternity "shall be verified by affidavit."

■■■ An affidavit is an oath reduced to writing. *Grove v. Campbell*, 17 Tenn. (9 Yer.) 7 (1836). An affidavit on information and belief is an affidavit which is obviously not based on the personal knowledge of the affiant, but is based on the good faith belief by the affiant that the information is true. *See generally Black's Law Dictionary*, 5th Ed. 701. Such affidavits are limited as to the oath they make—the affiant is not swearing the facts as averred are true to the best of his personal knowledge; rather he is swearing that he makes the averments "in good faith upon his best information and his bona fide belief." 2A C.J.S. *Affidavits*, § 49 (1972). Such affidavits are generally insufficient except when authorized expressly or impliedly by statute, or where those matters sworn to are of necessity opinions or conclusions of law. Affidavits on information and belief are particularly inadequate where the affidavit is addressed to the substantive truth of the facts stated. 3 Am.Jur.2d, *Affidavits*, § 23 (1986).

Early Tennessee statutes required that the mother appear before a Justice of the Peace and make an oath as to the identity of the father. *See Farrar v. State*, 2 Tenn. Civ.App. (Higgins) 307 (1911). If the Justice of the Peace was aware of a birth out of wedlock, he could summon the mother before him to make the oath, Shannon's Code 7332, and if she refused, she was required to post a bond for support of the child or go to jail until she made oath. Shannon's Code 7333. Once she made the oath, that father was subject to criminal and civil sanctions. Shannon's Code 7334. Oath of the mother was required and only oath of the mother would suffice.

■ T.C.A. § 36–2–103(a)(1) expressly provides that the petition to establish paternity may be brought by the mother, or her personal representative, or, if the child is likely to become a public charge by the state department of human services. Under section (a)(3) of the statute, it is provided that the action may be brought even after the death of the mother by the child acting through a guardian or next friend. It is noteworthy that the statute does not require the personal representative, the departmental representative, or other such person to be one having personal knowledge. It is obvious from these provisions that a petition may be brought upon information and belief by one not having personal knowledge, but that it must be brought in good faith and upon the basis of reliable information possessed by the person or persons acting in behalf of the child.

■ In the case at bar, the notarized petition is by Jack Wilson, a child enforcement administrator with the state. Wilson asserts in his petition that Pearson is the daughter of Martin and Neilson, was born out of wedlock, is currently in the custody of Neilson, and is or is in danger of becoming a public charge. This oath is sufficient under our statute to bring the matter before the court. The first issue, therefore, is without merit.

The next issue raised on appeal is whether the court erred in admitting the deposition of Dr. Jerry Lynn Morrisey over the objections of Neilson. The deposition is

challenged for its alleged failure to comply with the T.R.Civ.P.

■ Notaries public are among other things authorized by statute to administer oaths and take depositions. T.C.A. § 8–16–302 (1988). *See also* T.R.Civ.P. 28.-01. The deposition of Dr. Morrisey was taken before Brenda Bush Nichols, Notary Public at Large, in and for the State of Tennessee. T.R.Civ.P. 30.06(1) requires that after certifying the oath and deposition of the witness, the officer "shall then securely seal the deposition in an envelope endorsed with the title of the action and marked 'Deposition of (here inset name of witness)' and shall promptly file it with the court in which the action is pending or send it by registered or certified mail to the clerk thereof for filing." T.R.Civ.P. 30.-06(3) requires the party taking the deposition to give prompt notice of its filing to all other parties.

It is not disputed that the technical requirements of Rule 30.06 were not met. These technical requirements may properly be avoided by order of the trial court, T.R.Civ.P. 30.06(1), or by written stipulation of the parties, T.R.Civ.P. 29. The record contains no court order regarding the deposition and there is no written stipulation. To the contrary, the deposition states on its face that "[c]ounsel made no stipulations or agreements and the reading and signing of the completed transcript by the Doctor were not waived." There being no exception to the rule, it is incumbent on the party taking the deposition to see that the rules are complied with.

If there are errors in a deposition. T.R.Civ.P. 32.04 is triggered. Pertinent to this case is T.R.Civ.P. 32.04(4) which provides that "[e]rrors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, endorsed, transmitted, filed or otherwise dealt with by the officer under Rules 30 and 31 are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained." The "reasonable promptness" period begins to run upon notice of the filing of the deposition in accordance with T.R.Civ.P. 30.06(3).

At trial, counsel for the state attempted to file the deposition. Counsel for the defense objected, and that objection was overruled. Appellees assert that the trial court properly overruled the objection because Neilson made no pre-trial motion to suppress under T.R.Civ.P. 32.04 as quoted above. The problem with this assertion is that Neilson was not made aware that the deposition still contained defects prior to trial. The first notice received by Neilson was when the deposition was offered at trial for filing.

The "due diligence" requirement of T.R.Civ.P. 32.04 does not put the burden of ensuring rule compliance wholly on the party opposing an irregular deposition. Due diligence does not require the opponent to prod the proponent through each step of the procedures required by the rules.

■ The deposition states on its face that no stipulations or agreements were made. Defense counsel further stated for the record in the deposition that no stipulations or agreements were made indicating that technical rule compliance would be required. In doing so, defense counsel fulfilled his due diligence obligations under T.R.Civ.P. 32.04 until he received notice in accordance with T.R.Civ.P. 30.06(3) that the deposition had been filed. At the time of filing, defense counsel is required actually to inspect the deposition as filed and to file a motion to suppress until defects are cured.

Further defects in the deposition are noted by the appellant. T.R.Civ.P. 30.05 requires that, after transcription, "the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and the parties. Any changes in form or substance which the witness desires to make shall be entered on the deposition by the officer with a statement of the reasons given by the witness for making them." The rule then requires the witness to sign, or if he is unwilling or unable, the officer to sign with

a statement explaining absence of the witness' signature.

In contravention to this rule, the deposition was apparently submitted to Dr. Morrisey for signature by, and returned to counsel for the state. Further, changes in form were made by Dr. Morrisey himself and no reasons therefor were attached.

Based on absence of compliance with T.R.Civ.P., or stipulated or court ordered waiver thereof, we hold that the deposition was improperly admitted by the trial court. This is an error which more probably than not affected the judgment. T.R.A.P. 36(b).

The judgment of the trial court is, therefore, reversed, and the case is remanded for a new trial. Costs on appeal are taxed to the state.

FARMER, J., and WILLIAM S. RUSSELL, Special Judge, concur.