**Betty KEITH, Loyd Keith,**
**Plaintiffs–Appellants,**

v.

**Wayne R. WITT, DDS, Defendant–**
**Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

Nov. 29, 1995.

Permission to Appeal Denied by the
Supreme Court April 8, 1996.

R.D. Hash, Maryville, for Plaintiffs–Appellants.

T. Warren Butler, Butler, Vines & Babb, Knoxville, for Defendant–Appellee.

## OPINION

FRANKS, Judge.

In this medical malpractice action, the Trial Court granted defendant's motion for summary judgment and the issue on appeal framed by plaintiffs is "the Trial Court erred in sustaining the defendant, Dr. Wayne R. Witt's motion for summary judgment".

The complaint charges defendant extracted all of plaintiff Betty Keith's teeth and "did not prescribe antibiotics ... which under the circumstances then and there existing was a violation of the standard of care".

Defendant, an oral surgeon, filed a motion for summary judgment attaching his own affidavit and depositions of other oral surgeons, which state defendant did not deviate from the standard of acceptable, professional practice for oral and maxillofacial surgeons in his treatment of plaintiff. Plaintiffs' response to the motion contained the deposition of Stephen R. Cobble, a general dentist, and a letter from Dr. Cobble attached as an exhibit to plaintiffs' attorney's affidavit.

In order to recover in a medical malpractice action, T.C.A. 29–26–115 requires evidence of "the recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which he practices or in a similar community at the time the alleged injury or wrong occurred"; and that "the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard. . . ." Dr. Cobble's deposition is replete with evidence of the course of treatment Dr. Cobble would have followed, and his opinion as to what treatment should have been administered. However, he did not testify that he knew the standard of acceptable professional practice, as required by the statute, and that the defendant failed to act with ordinary and reasonable care in accordance with such standard.

Plaintiffs' attorney's affidavit states that "Dr. Cobble had declined to sign an affidavit in defense of the motion for summary judgment. And further, that the letter attached to the affidavit was written by Dr. Cobble dated January 24, 1990, which the attorney received. The pertinent part of the letter relied upon is:

> My professional opinion, based upon a reasonable degree of medical certainty, is that when you do oral surgery with a known existing infection, and a massive of bacteremia is clearly anticipated, and where you cannot possibly make the oral cavity aseptic, the standard of care is to administer antibiotics prior to or at the time of surgery. Additionally, when performing oral surgery, if corticosteroids are indicated to suppress the immune system, as it was indicated in this situation, the standard of care is to administer antibiotics. There was a violation of those standards of care in Mrs. Keith's oral surgery."

Tennessee Rules of Civil Procedure Rule 56.05 provides:

> supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that

the affiant is competent to testify to the matters stated therein.

The letter appended to the affidavit of plaintiffs' attorney was inadmissible because it was not verified. *See Keystone Insurance Co. v. Griffith,* 659 S.W.2d 364, 366 (Tenn. App.1983), and does not meet the requirement of Rule 56.05 T.R.C.P.

The Trial Court's determination that plaintiffs' response to the motion for summary judgment did not dispute the evidence that the defendant did not deviate from the standard of professional care is affirmed. *See Byrd v. Hall,* 847 S.W.2d 208 (Tenn.1993). The cause is remanded at plaintiffs' cost.

McMURRAY and SUSANO, JJ., concur.