IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 9, 1998

## WILLIE PERRY v. DONAL CAMPBELL, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 97-3328-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M1998-00943-COA-R3-CV - Filed January 22, 2001**

---

This appeal involves a prisoner's challenge to a prison disciplinary board's decision to place him in involuntary administrative segregation. After exhausting his remedies within the Department of Correction, the prisoner filed petitions for a common-law and a statutory writ of certiorari in the Chancery Court for Davidson County complaining that he had been denied the right to call witnesses, that the board's decision was racially motivated, and that the board's decision lacked evidentiary support. The trial court granted the State's motion for summary judgment and dismissed the prisoner's petitions. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM B. CAIN, J., joined.

Willie Perry, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Elena J. Xoinis, Assistant Attorney General, for the appellees, Donal Campbell; West Tennessee High Security Facility Disciplinary Board; Warden Robert Conley; Sgt. Lloyd Moore; Janice Sanders; Greg Helton; and Dennis Talley.

## OPINION

Willie Perry is incarcerated at the West Tennessee High Security Facility in Henning. He was originally convicted of second degree murder in 1981 in Shelby County and was sentenced to ten years. He was eventually paroled but was later returned to prison after he was convicted of aggravated assault, receiving and concealing stolen property, and seven counts of armed robbery. In the summer of 1997, Mr. Perry was caught using visitors to smuggle marijuana into the prison. He pled guilty to the disciplinary charge of drug possession. In addition, the prison disciplinary board also found Mr. Perry guilty of conspiracy to violate state law. As a result, Mr. Perry was placed in involuntary administrative segregation for thirty days.

Mr. Perry unsuccessfully appealed the involuntary administrative segregation to both the warden and the Commissioner of the Department of Correction. On October 8, 1997, he filed a petition in the Chancery Court for Davidson County, seeking both the common-law and statutory writs of certiorari as a means of having the prison disciplinary board's action reviewed. The Attorney General and Reporter promptly moved for summary judgment. On June 17, 1998, the trial court granted the summary judgment. The court held that the decisions of prison disciplinary boards are not reviewable by the statutory writ of certiorari and that Mr. Perry had failed to allege facts entitling him to review by a common-law writ of certiorari. The trial court also found that the disciplinary board's decision had evidentiary support and that Mr. Perry had failed to demonstrate that he had a triable issue of fact with regard to his other claims. Mr. Perry has appealed the dismissal of his petitions.

## I.
### STANDARD OF REVIEW

Tenn. R. Civ. P. 56.04 provides that summary judgment is appropriate where (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993), and (2) the moving party is entitled to a judgment as a matter of law based on the undisputed facts. *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of demonstrating that its motion satisfies these requirements. *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 88 (Tenn. 2000); *Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts that must be resolved by the trier of fact. *Staples v. CBL & Assoc.*, 15 S.W.3d at 88; *Byrd v. Hall*, 847 S.W.2d at 215. Once that burden shifts, the nonmoving party must then by affidavits or discovery materials demonstrate that a genuine, material fact dispute exists. Tenn. R. Civ. P. 56.06. To meet that burden, the nonmoving party may not merely rely upon his or her pleadings. *Staples v. CBL & Assoc.*, 15 S.W.3d at 88; *Pate v. Service Merch. Co.*, 959 S.W.2d 569, 573 (Tenn. Ct. App. 1996).

## II.
### REVIEW OF DISCIPLINARY DECISIONS BY A STATUTORY WRIT OF CERTIORARI

We turn first to the trial court's determination that the decisions of prison disciplinary boards are not reviewable under the statutory certiorari writ. While that issue has not always been free of doubt, we have recently resolved it in another of Mr. Perry's appeals. The statutory writ of certiorari, codified at Tenn. Code Ann. § 27-8-102 (2000), is only available to review administrative decisions when a statute designates it as the means for reviewing an action of an administrative body. *Cooper v. Williamson County Bd. of Educ.*, 746 S.W.2d 176, 178-79 (Tenn. 1987). No statute expressly provides for judicial review of prison disciplinary board decisions by certiorari. The only question has been whether prison disciplinary boards could be considered under the statutory writ as "judicial" bodies. *See Williams v. Department of Corr.*, No. 02A01-9503-CV-00046, 1995 WL 575142, at *2-3 (Tenn. Ct. App. Oct. 2, 1995) (No Tenn. R. App. P. 11 application filed ). We have

now answered that question. Proceedings before prison disciplinary boards "are administrative in nature and are not judicial proceedings, thus not subject to the relief afforded by a statutory writ of certiorari." *Perry v. Cold Creek Corr. Facility Disciplinary Bd.*, No. M1999-01898-COA-R3-CV, 2000 WL 1137710, at *3 (Tenn. Ct. App. Aug. 9, 2000) (No Tenn. R. App. P. 11 application filed). Department of Correction regulations make clear that administrative segregation is a "control mechanism," not a disciplinary sanction. Because the board's action was administrative, we find that the trial court correctly determined as a matter of law that Mr. Perry was not entitled to judicial review using the statutory writ of certiorari.

## III.
### REVIEW OF DISCIPLINARY BOARD DECISIONS BY COMMON-LAW WRIT OF CERTIORARI

Turning to Mr. Perry's petition for a common-law writ of certiorari, we start with the proposition that any review under that writ is only available to determine whether a board has exceeded its jurisdiction or has acted illegally, arbitrarily, or fraudulently. *McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990). As we have repeatedly said, "it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached." *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994).

Mr. Perry's petition alleged three specific ways by which the board supposedly reached its decision arbitrarily and illegally. First, he alleged that he was denied the ability to present witnesses. Second, he alleged that the board's decision was racially motivated. Lastly, he alleged that the decision was not supported by evidence. The first and third matters involve questions of law; the second matter implicates a question of fact.

### A.

Mr. Perry contends that he desired to present witnesses at his disciplinary hearing and that the board wrongly rebuffed his request. He characterizes the board's action as a denial of due process. What degree of due process Mr. Perry was entitled to at his disciplinary hearing depends on the nature of the sanctions involved. *Sandin v. Conner*, 515 U.S. 472, 485-86, 115 S. Ct. 2293, 2301 (1995). The United States Supreme Court has said that a prisoner is entitled to limited due process only when the resulting sanctions impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. at 483-85, 115 S. Ct. at 2300-01; *see also Ishaaq v. Compton*, 900 F. Supp. 935, 938-40 (W.D. Tenn. 1995).

Segregated confinement does not present the type of atypical significant deprivation that triggers full due process rights. *Sandin v. Conner*, 515 U.S. at 483-85, 115 S. Ct. at 2300-01; *Ishaaq v. Compton*, 900 F. Supp. at 939. Prisoners do not have an absolute right to call witnesses or to confront adverse witnesses. *Wolff v. McDowell*, 418 U.S. 539, 566-70, 94 S. Ct. 2963, 2979-81 (1974). The United States Supreme Court has explained:

> The operation of a correctional institution is at best an extraordinarily difficult undertaking. Many prison officials, on the spot and with the responsibility for the safety of inmates and staff, are reluctant to extend the unqualified right to call witnesses; and in our view, they must have the necessary discretion without being subject to unduly crippling constitutional impediments.

*Wolff v. McDonnell*, 418 U.S. at 566-67, 94 S. Ct. at 2980.

Whatever right Mr. Perry may have had to call witnesses at his disciplinary hearing comes not from the federal constitution but from the rules and regulations of the Department of Correction. Those rules permit prisoners "to present the testimony of relevant witness[es] unless allowing a witness to appear would pose a threat to institutional safety or order." Department of Correction Reg. 9502.1(VI)(D)(3)(c)(6) (1995). A prisoner who desires other prisoners or staff present to testify "should complete" the designated request form and submit it to prison officials at least twenty-four hours prior to the hearing. Department of Correction Reg. 9502.1(VI)(D)(3)(d)(1). Even if the prisoner does not complete the form, the board chairman still has discretion to allow prisoners or staff to testify if that testimony would be helpful to any decision. Department of Correction Reg. 9502.1(VI)(D)(3)(d)(2).

The record shows that Mr. Perry did not comply with department policy because he failed to make a pre-hearing request for witnesses to testify on his behalf. At that point, the allowance of any witnesses rested within the board chairman's discretion. According to Mr. Perry, he was under pressure from gang members within the prison population to be a conduit for drugs brought into the prison. The witnesses Mr. Perry wanted to present were staff members who allegedly could corroborate his testimony that there were gang threats inside the prison. From all we can tell, the board did not discount Mr. Perry's account of gang pressure, thus the testimony he sought to present would have been cumulative to his own. It is fully within a factfinder's legitimate prerogative to both deny a continuance and decline to entertain merely cumulative testimony. *Russell v. Crutchfield*, 988 S.W.2d 168, 170 (Tenn. Ct. App. 1998); *Wade v. State*, 914 S.W.2d 97, 102 (Tenn. Crim. App. 1995).

**B.**

Mr. Perry also claims that the board acted arbitrarily in making its finding against the preponderance of the evidence. With respect to sufficiency of the evidence in the context of procedural due process, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . ." *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774 (1985). The disciplinary board had before it the testimony of both the reporting officer and Mr. Perry. That evidence supported the decision of the disciplinary board.

## C.

Lastly, Mr. Perry contends that he is African-American, and that the members of the board based their decision on their alleged prejudice against African-Americans. If true, Mr. Perry's contentions undoubtedly could make the board's decision unlawful. *See generally Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (stating that under the Equal Protection Clause, prisoners have a right to be free from racial discrimination). On this point, however, Mr. Perry failed to create a triable issue.

The State supported its motion for summary judgment with the affidavits of the disciplinary board members. Each member denied that race played any part in the board's consideration of Mr. Perry's case. At that point, the burden shifted back to Mr. Perry to go beyond the mere allegations of his complaint, and it was incumbent on him to come forward with evidentiary materials satisfying Tenn. R. Civ. P. 56.06 that would, if credited, create a factual dispute. Mr. Perry, however, came forward with nothing more than a repetition of the statements in his unsworn complaint. Although he filed a paper styled as his "affidavit," that document is unattested to, and thus does not qualify as an affidavit.[1] No other person connected with Mr. Perry's hearing corroborated under oath his unsworn claim that the board's acts were motivated by racial animus. Mr. Perry's allegations, unsworn and uncorroborated by evidentiary materials, are not enough to create a triable issue of fact on this point. *Cf. Bonds v. Cox*, 20 F.3d 697, 702 (6th Cir. 1994); *Keith v. Witt*, 919 S.W.2d 613, 614-15 (Tenn. Ct. App. 1995).

## IV.

We affirm the summary judgment dismissing Mr. Perry's petitions and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Willie Perry for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

---

[1]To constitute an affidavit, the statements in a writing must be made by the affiant under oath. *State Dep't of Human Servs. v. Neilson*, 771 S.W.2d 128, 130 (Tenn. Ct. App. 1989).