IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 14, 2025

**ROHIT UPPAL v. NEERA UPPAL**

**Appeal from the Circuit Court for Knox County**
**No. 159500   Gregory S. McMillan, Judge**

———————————————————

**No. E2025-00710-COA-T10B-CV**

———————————————————

A self-represented defendant in a divorce case moved to recuse the trial judge. After the trial judge denied the motion, this accelerated interlocutory appeal followed. Because the motion for recusal failed to comply with Tennessee Supreme Court Rule 10B, we affirm the denial of the motion.

**Tenn. Sup. Ct. R. 10B Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Rohit Uppal, Knoxville, Tennessee, pro se appellant.[1]

**OPINION**

**I.**

Rohit Uppal sought the recusal of the trial judge based on "bias, denial of fundamental procedural rights, and unresolved motions." In support of his claims, he alleged that the judge had denied him the opportunity to be heard on a "Motion to Request for Referring the Case to Criminal." According to Mr. Uppal, his wife had engaged in criminal conduct, including filing a false police report, removing marital assets from a safe deposit box, and submitting an application that included his social security number to the

---

[1] We have determined that no answer or oral argument is necessary, so we act summarily on this appeal. TENN. SUP. CT. R. 10B, §§ 2.05, 2.06.

federal government without his consent. He also claimed that the judge declined to hear his "Motion to Adjourn Divorce Proceedings."

Similarly, Mr. Uppal alleged that the judge had improperly denied a motion to continue the trial of the case. His motion for recusal reiterated each of the reasons why a continuance was warranted. In his view, "[t]he Honorable Judge's dismissal of these valid reasons [for a continuance] demonstrates a disregard for the Defendant's due process rights and further evidences the appearance of bias."

Finally, Mr. Uppal alleged that several of his motions had been left unresolved by the court or that he "was not given the opportunity to present testimony or evidence" on the motions. He requested clarification of the status of his motions. He faulted his wife for claiming that his motions had been dismissed or denied, which he deemed "to be misleading, fallacious and malicious." But the judge's actions in "[p]reventing . . . [him] from fully presenting [his] case and understanding the status of the litigation contributed[d] to a lack of due process, the potential bias and 'appearance of impropriety.'"

The court denied the motion for recusal. In a short order, it concluded that "[t]he Motion is defective on its face and does not comply with Rule 10(B) of the Rules of the Supreme Court or the applicable rules of civil procedure."

## II.

Rule 10B of the Rules of the Supreme Court of Tennessee governs the procedure for "determin[ing] whether a judge should preside over a case." TENN. SUP. CT. R. 10B. The rule places several requirements on the "party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record." *Id.* § 1.01. The party must act promptly upon learning of the facts that form the basis of the recusal request, and the request must come "no later than ten days before trial, absent a showing of good cause." *Id.* Pertinent to this appeal, the request must be made by written motion and "supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials." *Id.* The motion must also "affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Id.*

In its order denying Mr. Uppal's motion for recusal, the court concludes that the motion did not comply with Supreme Court Rule 10B or the applicable Rules of Civil Procedure without specifying how. Based on our review, we agree that the motion does not comply with Supreme Court Rule 10B in at least two respects. First, the motion is not supported by "an affidavit under oath or a declaration under penalty of perjury *on personal knowledge*." *Id.* (emphasis added). Instead, following the certificate of service for his motion, Mr. Uppal makes the following statement under the heading "Affidavit": "I, Rohit Uppal, being duly sworn, depose and state that the facts contained in the foregoing Motion

2

for Recusal are true and correct to the best of my knowledge, and information, and belief." Second, the motion does not "state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Id.*

This Court has excused the first failing of Mr. Uppal's motion, the defective affidavit, in several other cases. *See, e.g., Stark v. Stark*, No. W2019-00901-COA-T10B-CV, 2019 WL 2515925, at *6 (Tenn. Ct. App. June 18, 2019) (excusing noncompliance when "the affidavit itself and the recusal motion at issue both readily reveal that Wife's allegations are based on hearings where she was present and orders to which she was a party"); *Ueber v. Ueber*, No. M2018-02053-COA-T10B-CV, 2019 WL 410703, at *4 (Tenn. Ct. App. Jan. 31, 2019) (concluding that, although affidavits filed in support of a motion for recusal do not contain the words "on personal knowledge," it was "apparent from the content of these affidavits that they were made on personal knowledge"); *Beaman v. Beaman*, No. M2018-01651-COA-T10B-CV, 2018 WL 5099778, at *13 (Tenn. Ct. App. Oct. 19, 2018) ("reject[ing] the notion that . . . an affidavit or declaration [supporting a motion to recuse] must contain the words 'on personal knowledge'"); *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016) (concluding that swearing "tru[th] to the best of my knowledge, information and belief" satisfied Rule 10B). But we have also concluded that "[a]verring that something is true to the best of one's knowledge, information, and belief does not signify that it is based on personal knowledge" and does not satisfy section 1.01 of Rule 10B. *Berg v. Berg*, No. M2018-01163-COA-T10B-CV, 2018 WL 3612845, at *3-4 (Tenn. Ct. App. July 27, 2018).

Our supreme court has not specifically addressed the personal knowledge requirement of section 1.01 of Rule 10B, but it has addressed the requirement in another context. Tennessee Rule of Civil Procedure 56.06 has a similar requirement in that it requires affidavits supporting or opposing summary judgment to "be made on personal knowledge" in addition to other requirements. TENN. R. CIV. P. 56.06. In that context, the supreme court found an affidavit made upon information and belief to be legally insufficient. *Fowler v. Happy Goodman Fam.*, 575 S.W.2d 496, 498 (Tenn. 1978). However, rather than focus on the lack of the phrase "on personal knowledge," it reasoned that the affiant's "own belief" did not set forth facts that would be admissible in evidence or show that the affiant was competent to testify in the matters included in his affidavit. *Id.*; *cf. Tenn. Dep't of Hum. Servs. v. Neilson*, 771 S.W.2d 128, 130 (Tenn. Ct. App. 1989) (reasoning an affidavit on information and belief is "generally insufficient except when authorized expressly or impliedly by statute, or where those matters sworn to are of necessity opinions or conclusions of law") and *Keystone Ins. Co. v. Griffith*, 659 S.W.2d 364, 366 (Tenn. Ct. App. 1983) (concluding that "statements in the affidavit made on 'information and belief' do not comply with Rule 56.05 and cannot be considered as evidence").

We could ignore Mr. Uppal's failure to swear that the facts appearing in his motion for recusal were of his personal knowledge. After all, he presumably would have personal knowledge of his own motions, the decisions rendered on each, and whether he had received notice of other rulings. *See Stark*, 2019 WL 2515925, at *6. Yet there is another fundamental problem with his affidavit. By adding an affidavit to the end of his motion and swearing that "the facts contained in the foregoing Motion for Recusal are true and correct to the best of my knowledge, and information, and belief," Mr. Uppal leaves the Court to sort through the eight-page motion to separate fact from argument and opinion.

Additionally, ignoring the issues with Mr. Uppal's affidavit would not resolve the problem of his failure to "affirmatively state that [his motion for recusal] is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." TENN. SUP. CT. R. 10B, § 1.01. The statement has been described as "mandatory." *State v. Loredo*, No. W2023-00088-CCA-R3-CD, 2024 WL 912486, at *7 (Tenn. Crim. App. Mar. 4, 2024); *Vazeen v. Sir*, No. M2022-00273-COA-R3-CV, 2023 WL 6160350, at *9 (Tenn. Ct. App. Sept. 21, 2023).

When the statement is missing and there have been other issues with compliance with Supreme Court Rule 10B, such as a missing affidavit, this Court has concluded "the trial court's denial of the recusal motion must be affirmed." *Moncier v. Wheeler*, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *4 (Tenn. Ct. App. July 28, 2020) (citing *Childress v. United Parcel Serv. Inc.*, No. W2016-00688-COA-T10B-CV, 2016 WL 3226316, at *3 (Tenn. Ct. App. June 3, 2016)). At other times, we have concluded that the deficiencies resulted in a "waiver" of the claim for recusal and dismissed the appeal. *Robert R. Batson, Sr. Revocable Living Tr. by Batson v. Batson-Smith*, No. M2024-00739-COA-T10B-CV, 2024 WL 2933352, at *2-3 (Tenn. Ct. App. June 11, 2024) (collecting cases). We have also considered a recusal appeal despite the absence of the "mandatory" statement. *See Watson v. City of Jackson*, 448 S.W.3d 919, 928 (Tenn. Ct. App. 2014). Here, because we concur with the trial court's assessment that Mr. Uppal's motion for recusal did not satisfy the requirements of Rule 10B, affirmance of the denial of the motion to recuse, rather than dismissal of the appeal or proceeding to the merits, is the appropriate disposition.

We recognize that Mr. Uppal is not represented by counsel. Although we "take into account that many pro se litigants have no legal training and little familiarity with the judicial system," we cannot "excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). When "shall" is used in a rule, like it is section 1.01 of Supreme Court Rule 10B, the rule's requirements are mandatory. *See Bellamy v. Cracker Barrel Old Country Store, Inc.*, 302 S.W.3d 278, 281 (Tenn. 2009).

## III.

Based on Mr. Uppal's failure to satisfy the requirements of Tennessee Supreme Court Rule 10B, the circuit court did not err in its denial of the recusal motion. Thus, we affirm the decision.[2] This case is remanded for such further proceedings as may be necessary.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE

---

[2] Mr. Uppal's requests for a stay of the trial court proceedings and to expedite our consideration of his request for a stay are denied as moot. Leave to proceed as an indigent person on appeal is granted, but Mr. Uppal remains responsible for costs taxed at the conclusion of this appeal. *See* TENN. R. APP. P. 18(d), 40.

After filing his petition for accelerated interlocutory appeal, Mr. Uppal also filed a "Notice of Supplement Information in Support of Rule 10B Petition" and an "Addendum to Supplement Information filed on May 21, 2025." Both filings request relief unrelated to review of the denial of his motion to recuse. So we deny the relief. *See Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) (recognizing that appellate review in an accelerated interlocutory appeal under Supreme Court Rule 10B is limited to the trial court's order denying the motion to recuse).