United States Court of Appeals,
Eleventh Circuit.

No. 94-4548

Non-Argument Calendar.

Vincent D. HARRIS, Plaintiff-Appellant,

v.

I.K. OSTROUT, CO;  M.O. McRae, Captain;  Nathaniel Collins, CO I;
David R. Farcas;  Nick Barton, Correctional Officer II, Defendants-
Appellees.

Sept. 29, 1995.

Appeal from the United States District Court for the Southern
District of Florida. (No. 90-14200-CV-KMM), K. Michael Moore,
Judge.

Before TJOFLAT, Chief Judge, and HATCHETT and BLACK, Circuit
Judges.

PER CURIAM:

Florida inmate Vincent D. Harris appeals the district court's
grant of Appellees' joint motion for summary judgment.  We affirm
in part, reverse in part, and remand the case to the district
court.

I. BACKGROUND

The events giving rise to this action occurred between
September and November 1990 while Appellant was confined at Martin
Correctional Institution (MCI) in Indiantown, Florida.  Appellant
brought this *pro se* 42 U.S.C. § 1983 action against five officers
and employees of MCI alleging violations of his civil rights.
Appellant claims Appellees subjected him to unnecessary strip
searches and other forms of sexual harassment, denied him access to
legal materials, wrongly disciplined him, and subjected him to an
insect-infested cell and inadequate diet.  According to Appellant,

Appellees' actions were motivated by racial animus[1] and a desire to punish him for other lawsuits he has filed.[2]

Appellees moved for summary judgment on all claims arguing, *inter alia:* (1) that Appellant failed to state a claim and (2) that Appellant failed to produce enough evidence to create a genuine issue of material fact on any of his claims. The magistrate judge handling the case found that no genuine issue of material fact remained and recommended that summary judgment be granted. The district court adopted the magistrate's report and recommendation and dismissed all claims. This appeal follows.

## II. STANDARD OF REVIEW

This Court reviews the granting of summary judgment *de novo,* applying the same legal standards which bound the district court. *Haves v. City of Miami,* 52 F.3d 918, 921 (11th Cir.1995). In determining whether a genuine issue of material fact remains for trial, courts must view all evidence and make all reasonable

---

[1] Appellant is black.

[2] Appellant is a very litigious prisoner. *See Harris v. Tippen, et al.,* 55 F.3d 637 (11th Cir.1995) (table); *Harris v. Snover, et al.,* 50 F.3d 1037 (11th Cir.1995) (table); *Harris v. Matthews, et al.,* 48 F.3d 535 (11th Cir.1995) (table); *Harris v. Belcher, et al.,* 37 F.3d 636 (11th Cir.1994) (table), *cert. denied,* --- U.S. ----, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995); *Harris v. Singletary,* 983 F.2d 1083 (11th Cir.) (table), *cert. denied,* --- U.S. ----, 113 S.Ct. 3007, 125 L.Ed.2d 698 (1993); *Harris v. Singletary, et al.,* 959 F.2d 971 (11th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 491, 121 L.Ed.2d 429 (1992); *Harris v. Singletary, et al.,* 957 F.2d 871 (11th Cir.) (table), *cert. denied,* --- U.S. ----, 112 S.Ct. 3045, 120 L.Ed.2d 912 (1992); *Harris v. Rouse, et al.,* 904 F.2d 713 (11th Cir.) (table), *cert. denied,* 498 U.S. 945, 111 S.Ct. 357, 112 L.Ed.2d 320 (1990); *Harris v. Dugger, et al.,* 897 F.2d 536 (11th Cir.) (table), *cert. denied,* 498 U.S. 919, 111 S.Ct. 293, 112 L.Ed.2d 247 (1990); *Harris v. Lambdin, et al.,* 878 F.2d 1440 (11th Cir.1989) (table).

inferences in favor of the party opposing summary judgment. *Id.*

### III. DISCUSSION

The difficulty in sorting through the allegations in Appellant's *pro se* complaints[3] makes it necessary for us to analyze the claims defendant-by-defendant. In doing so, we construe Appellant's complaint more liberally than we would the complaint of a represented party. *See Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *Fernandez v. United States,* 941 F.2d 1488, 1491 (11th Cir.1991).

### A. *Collins*

Appellee Nathaniel Collins was a correctional officer at MCI in late 1990. Appellant alleges that Collins sexually harassed him by conducting unwarranted strip searches and denied him access to the courts by confining him in his cell when he refused to submit to those searches. Collins denies intending to harass Appellant or block his access to the courts and claims that the strip searches were part of standard prison procedure.

Construed liberally, Appellant's complaint states a claim under the First and Eighth Amendments.[4] Although prisoners have no Fourth Amendment right to be free from strip searches, *Bell v. Wolfish,* 441 U.S. 520, 557-59, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447

---

[3]Appellant amended his complaint three times, prompting the magistrate judge to warn that no further amendments would be allowed except under extraordinary circumstances.

[4]The protections of the First and Eighth Amendments apply to the states through the Fourteenth Amendment. *See, e.g., Estelle v. Gamble,* 429 U.S. 97, 99-101, 97 S.Ct. 285, 289, 50 L.Ed.2d 251 (1976) (applying the Eighth Amendment to the states); *New York Times v. Sullivan,* 376 U.S. 254, 276-78, 84 S.Ct. 710, 724, 11 L.Ed.2d 686 (1964) (applying the First Amendment to the states).

(1979), the Eighth Amendment prohibits the "unnecessary and wanton infliction of pain," *Wilson v. Seiter,* 501 U.S. 294, 296-98, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991) (quoting *Estelle,* 429 U.S. at 104-05, 97 S.Ct. at 291). Thus, if Collins' strip searches of Appellant are devoid of penological merit and imposed simply to inflict pain, the federal courts should intervene. *See Turner v. Safley,* 482 U.S. 78, 83-85, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). In addition, the First Amendment grants prisoners a limited right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 819-21, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977); *Adams v. James,* 784 F.2d 1077, 1081 (11th Cir.1986). The state may not burden this right with practices that are not reasonably related to legitimate penological objectives, *Turner,* 482 U.S. at 85-89, 107 S.Ct. at 2260-61, nor act with the intent of chilling that First Amendment right, *Wildberger v. Bracknell,* 869 F.2d 1467, 1468 (11th Cir.1989).

The district court correctly granted summary judgment for Collins because Appellant failed to produce enough evidence to create a genuine issue of fact for trial. The prison regulations upon which Collins relied upon require that he strip search all "close management" prisoners like Appellant before they leave their cells for any reason. Appellant produced nothing to rebut the presumption of reasonableness which we must attach to such prison security regulations. *See, e.g., Turner,* 482 U.S. at 83-85, 107 S.Ct. at 2259; *Bell,* 441 U.S. at 546-47, 99 S.Ct. at 1878. Appellant also produced nothing, beyond his own conclusory allegations, suggesting that Collins' actions in compliance with

the strip search regulations were motivated by a retaliatory animus. In the absence of such evidence, summary judgment was appropriate.

B. *Barton*

Appellee J.W. Barton was a housing sergeant at MCI in late 1990. Appellant alleges that when he complained about Collins' behavior to Barton, Barton did nothing to intervene and, instead, made unsympathetic comments. Barton, like Collins, relies on prison regulations requiring the strip search of all "close management" inmates who leave their cells and denies harboring any retaliatory motive towards Appellant.

As with the claims against Collins, Appellant's complaint states a claim against Barton under the First and Eighth Amendments. Nevertheless, Appellant produced nothing to allow his claims against Barton to go to trial. In upholding Collins' strip search of Appellant, Barton was complying with reasonable prison regulations. Moreover, no evidence suggested that any improper motive animated Barton's actions towards Appellant. The district court correctly granted summary judgment.

C. *Ostrout*

Appellee K. Ostrout was a correctional officer at MCI in late 1990. Appellant alleges that Ostrout cited him for two disciplinary violations because of his race and because of his prior litigation activities. Although the prison disciplinary review board found Appellant not guilty of one of the violations Ostrout documented, Appellant was found guilty of making spoken threats, resulting in the suspension of Appellant's recreational

privileges.  Ostrout denies that he cited Appellant for improper reasons and maintains that he never made racist statements or indicated a desire to retaliate against Appellant.

As explained above, Appellant's allegation of retaliation states a valid First Amendment claim.  In addition, the allegations against Ostrout state an independent Fourteenth Amendment equal protection claim.  Under the Equal Protection Clause, prisoners have a right to be free from racial discrimination.  *See Turner,* 482 U.S. at 83-85, 107 S.Ct. at 2259;  *Lee v. Washington,* 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968).

In considering the joint motion for summary judgment, the magistrate judge apparently overlooked the affidavits of two MCI inmates.  These documents corroborate Appellant's version of the events of November 1990 which led to Appellant's citation by Ostrout.  Both affidavits state that Ostrout used racist language when referring to Appellant.  The affidavits also attribute statements to Ostrout that, if true, would clearly indicate that he filed disciplinary reports against Appellant in retaliation for Appellant's earlier litigation.  Finally, the inmate's affidavits dispute Ostrout's contention that Appellant threatened him.  In sum, the two inmate affidavits, if credited by the trier of fact, provide evidence to support both Appellant's allegation of retaliation in violation of the First Amendment and his allegation of racial discrimination in violation of the Fourteenth Amendment.

The issue of discriminatory intent is a question for the trier of fact.  *Pullman-Standard v. Swint,* 456 U.S. 273, 288-91, 102 S.Ct. 1781, 1790-91, 72 L.Ed.2d 66 (1982);  *Beckwith v. City of*

*Daytona Beach Shores,* 58 F.3d 1554, 1560 (11th Cir.1995). Direct evidence of an illegal motive will usually suffice to create a genuine issue of fact and preclude summary judgment. *See Swint v. City of Wadley, Alabama,* 51 F.3d 988, 1000 (11th Cir.1995) (single witness's testimony regarding a defendant-officer's racist remark was sufficient to preclude summary judgment). Even if the district court believes that all the evidence presented by one side is of doubtful veracity, it is not proper to grant summary judgment on the basis of such credibility choices. *See Perry v. Thompson,* 786 F.2d 1093, 1095 (11th Cir.1986).

With the forgoing principles in mind, we conclude that the district court erred by granting summary judgment for Ostrout. We make no comment on the ultimate merits of the claims against Officer Ostrout. We merely hold that when a civil rights plaintiff provides the type of direct evidence of a defendant's illegal motive that Appellant has in this case, summary judgment is not appropriate.

D. *McRae*

Appellee M.O. McRae was a shift captain at MCI in late 1990. Appellant's complaint appears to hold McRae at least partially responsible for the acts of Ostrout. Appellant also alleges that McRae deprived him of liberty without due process by suspending his recreation in conjunction with the Ostrout incident. McRae denies taking any action against Appellant for improper reasons and claims to be unaware of any incidents in which Ostrout abused Appellant or used racist language.

The district court correctly dismissed Appellant's claims

against McRae. There is no respondeat superior liability under § 1983. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994). Although Appellant's *pro se* complaint need not plead that McRae personally participated in the actions against him, he must at least allege some reason for holding McRae liable beyond the fact that McRae was the superior of another defendant. *See Swint,* 51 F.3d at 999 (section 1983 requires an affirmative causal connection between an official's acts and the alleged constitutional deprivation).

Reading Appellant's complaint liberally, the only allegation against McRae which does not rely upon some variation on respondeat superior is the allegation that McRae deprived Appellant procedural due process by his participation in suspending Appellant's recreational privileges. Nevertheless, because Appellant does not deny that he was provided notice of the disciplinary charges against him and an opportunity to respond to Ostrout's charges, we have no difficulty in concluding that Appellant received all the process he was due. *See, e.g., Zinermon v. Burch,* 494 U.S. 113, 127-28, 110 S.Ct. 975, 984, 108 L.Ed.2d 100 (1990). If Appellant is alleging that the bias of McRae and others deprived him of his right to due process of the law, then his claim is barred by the doctrine of *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), and its progeny. *See McKinney v. Pate,* 20 F.3d 1550, 1562-63 (11th Cir.1994) (en banc), *cert. denied,* --- U.S. ----, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995). The district court

correctly dismissed Appellant's claim against McRae because Appellant's complaint failed to state a claim upon which relief could be granted.

E. *Farcas*

Appellee David Farcas was the superintendent of MCI in late 1990. Appellant alleges that Farcas acquiesced in the suspension of his recreational privileges and the other alleged wrongs in order to retaliate for Appellant's prior litigation and because of his race. Appellant also charges that Farcas refused to control the prison's insect population or provide Appellant with an adequate vegetarian diet. Farcas denies having any racist or retaliatory animus towards Appellant and maintains that his actions in approving Appellant's suspension were entirely proper. Farcas also relies on records indicating that the prison offered an adequate vegetarian diet and made regular efforts to control insects in the prison buildings.

As explained above, Appellant's allegations of racial bias and retaliatory animus state a claim under the First and Fourteenth Amendments. Appellant's additional claims regarding insect control and inadequate diet at MCI also state a valid constitutional claim.[5] When prisoners are denied "the minimal civilized measure of life's necessities," the Eighth Amendment is violated. *Wilson,*

---

[5]Although this Court has granted prisoners a limited right to receive a religious diet under the Free Exercise Clause of the First Amendment, *see Martinelli v. Dugger,* 817 F.2d 1499, 1505-06 (11th Cir.1987), *cert. denied,* 484 U.S. 1012, 108 S.Ct. 714, 98 L.Ed.2d 664 (1988), it is unclear whether that right survived *Employment Division v. Smith,* 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990). Even assuming that Appellant states a valid free exercise claim, nothing in the record supports such a claim and we conclude that any such claim was properly dismissed.

501 U.S. at 298, 111 S.Ct. at 2324 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 346-47, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)).

The district court was correct in granting summary judgment for Farcas.  Like most of Appellant's case against McRae, his First and Fourteenth Amendment claims against Farcas failed because nothing suggests an affirmative causal connection between Farcas and any allegedly unconstitutional acts.  *See Swint,* 51 F.3d at 999.  Moreover, Appellant produced nothing to suggest a racist or retaliatory motive on the part of Farcas.  Finally, Appellant's diet and insect-infestation claims also fail for lack of any evidence that conditions at MCI were anything but adequate. Appellees' evidence that MCI provided an adequate diet and regular insect control goes unchallenged.  Under these circumstances, the district court properly concluded that no material issue of fact remained with respect to Appellant's claims against Farcas.

## IV. CONCLUSION

The district court correctly granted summary judgment for Appellees Collins, Barton, McRae, and Farcas.  The district court erred in granting summary judgment for Appellee Ostrout because the affidavits submitted by two MCI inmates create a genuine issue of material fact, which cannot be resolved on summary judgment.

AFFIRMED in part, REVERSED in part, and REMANDED.