Ashley **RHODES–COURTER** by and through her adoptive parents Gay and Philip **COURTER**, Plaintiff,

v.

Bill **THOMPSON**, et al., Defendants.

No. 8:02–CV–2191–T–30MAP.

United States District Court, M.D. Florida, Tampa Division.

March 20, 2003.

---

Neil C. Spector, Kass, Shuler, Solomon, Spector, Foyle & Singer, P.A., Tampa, FL, Roy D. Wasson, Law Office of Roy D. Wasson, Miami, FL, Karen A. Gievers, Karen A. Gievers, P.A., Tallahassee, FL, for Ashley Rhodes–Courter, by and through her adoptive parents Gay and Philip Courter, plaintiff.

Todd W. Vraspir, Papy, Weissenborn, Poole & Vraspir, P.A., Spring Hill, FL, for Bill Thompson, Chris Carpenter, Maurice Harris, Barbara Desbiens, Debbie Adams, Nick Allegretti, Mariano Baca, defendants.

Astrid Hapanowicz, Salem, Saxon & Nielsen, P.A., Tampa, Todd W. Vraspir, Papy, Weissenborn, Poole & Vraspir, P.A., Spring Hill, FL, for Linda Altman, defendant.

## ORDER

MOODY, District Judge.

THIS CAUSE comes before the Court upon the Motions to Dismiss filed by the

Defendants (Dkts.# 6, 14) and Plaintiff's responses in opposition thereto (Dkts.# 10, 16) as well as Plaintiff's Notice of Filing Supplemental Authority (Dkt.# 13). After close consideration, the Defendants' motions are denied for the reasons set forth herein.

## BACKGROUND

This case arises out of the foster care of a minor child. The plaintiff is a seventeen year old minor female who was born in 1985.[1] Beginning in July 1989 and continuing until April of 1998, Plaintiff was in the custody and control of the Department of Children and Families ("DCF") or its predecessors. Plaintiff alleges that she was subjected to neglect, sexual and physical abuse, and other harms throughout her almost nine years in DCF custody. Defendants were employees of DCF. Plaintiff alleges that she, as a child in DCF custody, had a due process right to be safe and free from harm and cruel and unusual punishment. Defendants allegedly violated that right with reckless disregard and deliberate indifference.

## LEGAL STANDARD

The appropriate standard for deciding to dismiss a complaint is whether it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts to support her claim. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *South Florida Water Management Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir.1996); *Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993). The Court must view the

complaint in the light most favorable to the Plaintiff and construe the allegations in the complaint as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County,* 992 F.2d at 1174 (11th Cir.1993); *Hunt v. American Bank & Trust Co.,* 783 F.2d 1011, 1013 (11th Cir.1986).

## LEGAL ANALYSIS

### A.   Section 1983 Claim

■ Defendants argue that Plaintiff has failed to plead an actionable Section 1983 claim. In order for a Plaintiff to successfully plead a Section 1983 claim based on an officials failure to perform an affirmative duty two elements must be pled. *See Taylor v. Ledbetter,* 818 F.2d 791, 794 (11th Cir.1987). First, the failure to act must be a substantial factor leading to the constitutional deprivation. *See id.* Second, the official having responsibility to act must have acted with deliberate indifference. *See id.* The Eleventh Circuit has more recently clarified what a plaintiff must demonstrate to prove deliberate indifference. *See McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir.1999). A plaintiff must prove that the defendant: (1) had subjective knowledge of the risk of serious harm; (2) disregarded that risk; and (3) was more than merely negligent in disregarding that risk.[2] *See id.*

---

1.   Her adoptive parents are bringing this suit on her behalf. When this Court use the word Plaintiff, it is referring to the minor child.

2.   In *Taylor,* the Eleventh Circuit stated that a plaintiff "will be faced with the difficult problem of showing actual knowledge of abuse or that agency personnel deliberately failed to

In *Taylor*, the Plaintiff, a minor child, sued the county officials involved in her placement in and supervision of a foster home after she was struck, beaten, and abused in that foster home. *See* 818 F.2d at 792. Plaintiff alleged that the county officials were grossly negligent and deliberately indifferent to her welfare when they failed to thoroughly investigate the foster home, placed her in the home knowing that the foster parents were unfit, and failed to maintain proper supervision over the home. *See id.* at 792–93. The Eleventh Court reversed a district court's order dismissing the complaint, finding that the Plaintiff had adequately pled a cause of action under Section 1983. *See id.* at 794.

This Court will consider the allegations as to each defendant individually to see if Plaintiff has stated a cause of action against each defendant.

### 1. *Count I–Debbie Adams*

■ According to the complaint, Adams knew that Plaintiff's grandfather had been abusive in the past and was an alcoholic, but approved placing Plaintiff with her grandfather. Later, Adams refused to remove and delayed removal of Plaintiff from her abusive grandfather's house after learning that the house continued to be unsafe. Still later, Adams allegedly approved Plaintiff's placement in overcrowded, abusive foster homes. Adams also purportedly made licensing decisions that continued the foster care licenses for those foster homes that Plaintiff resided in even though Adams was aware of ongoing abuse to Plaintiff and others. It is alleged that Adams knew of the abuse and mistreatment that Plaintiff was sustaining, but did nothing to remove Plaintiff from those situations or otherwise prevent further abuse. The allegations of the Amended Complaint are extremely similar to the allegations in *Taylor*. Therefore, Plaintiff

has adequately pled a Section 1983 cause of action against Adams.

### 2. *Count II–Linda Altman Walker*

■ Plaintiff alleges that Walker licensed foster homes that Plaintiff was placed in despite knowing that those homes were unsafe and overcrowded. Thereafter, the Amended Complaint states that Walker learned of abuse, neglect, and harm to Plaintiff (and others) and did nothing to end that harm. Despite knowing the abuse inflicted on Plaintiff and the conditions at the homes, Plaintiff alleges that Walker re-licensed the homes. Plaintiff has adequately pled a Section 1983 cause of action against Walker.

### 3. *Count III–Barbara Desbiens*

■ Plaintiff alleges that Desbiens approved the placement of Plaintiff in overcrowded, unsafe homes. Plaintiff also alleges that Desbiens was aware that other children had been abused in these homes and despite that knowledge placed and kept Plaintiff in those homes. Like with Adams and Walker, Plaintiff has adequately pled a Section 1983 action against Desbiens.

### 4. *Count IV–Bill Thompson*

■ Plaintiff alleges that Thompson was at different times either Plaintiff's caseworker or a counselor in the re-licensing and placement unit. Plaintiff alleges that Thompson placed Plaintiff with her abusive grandfather. Thompson also allegedly failed to investigate or do any background check on the grandfather before placing Plaintiff. Further, Thompson purportedly refused to remove Plaintiff from her grandfather's care after learning of abuse and neglect. Later, Thompson allegedly re-licensed a foster home that

learn what was occurring in the foster home." 818 F.2d at 796.

Plaintiff was placed into and did nothing to remove Plaintiff, even though Plaintiff had been reported abused and neglected at the home and Thompson was aware of the report. Plaintiff states a Section 1983 cause of action against Thompson.

### 5. *Count V–Chris Carpenter*

■ During a different period of time, Carpenter was Plaintiff's caseworker. Carpenter purportedly failed to maintain proper supervision over the foster home Plaintiff was placed in because he failed to visit the foster home. Carpenter also recommended placements or placed (and kept) Plaintiff in overcrowded, unsafe foster homes. Carpenter allegedly knew the homes were unsafe at the time and while Plaintiff was residing in them and kept Plaintiff in them. Plaintiff states a Section 1983 cause of action against Carpenter.

### 6. *Count VI–Maurice Harris*

■ Harris was another of Plaintiff's caseworker. Harris purportedly failed to maintain proper supervision over the foster home Plaintiff was placed in because he failed to visit the foster home. Harris allegedly knew that Plaintiff was being abused and neglected in a overcrowded foster home, but kept Plaintiff in that home. According to the Amended Complaint, Plaintiff was eventually removed from the abusive foster home and placed in a safe foster home by others at DCF only to have Harris return Plaintiff to the abusive overcrowded foster home. Thereafter, Harris failed to take any action despite the knowledge that Plaintiff continued being abused and neglected. Plaintiff states a Section 1983 cause of action against Harris.

### 7. *Count VII–Nick Allegretti*

■ Allergretti allegedly served DCF as the Operations Program Administrator and was responsible for investigating abuse complaints, including complaints at the foster homes where Plaintiff was placed. Plaintiff alleges that Allegretti knew of abuse and neglect complaints concerning Plaintiff in those foster homes, but failed to investigate or complete investigations. Further despite knowing about abuse of Plaintiff, Allergretti failed to take any actions to protect Plaintiff. Plaintiff states a Section 1983 cause of action against Allegretti.

### 8. *Count VIII–Mariano Baca*

■ According to the Complaint, Baca was an investigator who investigated child abuse and neglect complaints at foster homes where Plaintiff was placed. Baca purportedly failed to adequately investigate the complaints, including closing investigations without looking into complaints of beatings of Plaintiff and other children. Plaintiff also alleges that Baca failed to follow up on his recommendations that the number of foster children at the homes be reduced and that more monitoring take place. Plaintiff states a Section 1983 cause of action against Baca.

### B. Qualified Immunity

■ Even though Plaintiff has stated a Section 1983 cause of action, Defendants would be entitled to have the Amended Complaint dismissed if they were entitled to qualified immunity. *See Marsh v. Butler Cty.*, 268 F.3d 1014, 1022–23 (11th Cir. 2001). Qualified immunity is an affirmative defense that in the posture of a motion to dismiss must clearly appear on the face of the complaint. *See Powell v. Ga. Dep't of Human Resources*, 114 F.3d 1074, 1077 (11th Cir.1997); *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir.1993).

■ The Eleventh Circuit applies a two part analysis in determining when a complaint should be dismissed. *See Chesser v. Sparks*, 248 F.3d 1117, 1122 (11th Cir.2001). First, the defendants must

show that they were acting within their discretionary authority.[3] *See id.* Then, the plaintiff must show that the defendants violated clearly established constitutional rights based upon objective rights. *See id.* Typically, the question of whether a defendant is entitled to qualified immunity hinges on whether the constitutional right was *clearly established* to prohibit what is alleged to have been done before the defendant acted. *See Marsh,* 268 F.3d at 1022–23.

██ In this case the constitutional right sought to be protected was clearly established in *Taylor,* 818 F.2d at 794–95.[4] In *Taylor,* the Eleventh Circuit concluded that there was a protected constitutional right for foster children to be free from unnecessary pain and to have physical safety.[5] *See id.* at 794–95. *Taylor* was decided nearly two years prior to the conduct at issue in this case. Moreover, as outlined above, Plaintiff has alleged conduct that would be prohibited by *Taylor.* Accordingly, Defendants are not entitled to qualified immunity based on the allegations in the Amended Complaint.

## C. Eighth Amendment as basis for claim by a foster child

██ Defendants also move to dismiss the Amended Complaint arguing that the Eighth Amendment's prohibition against cruel and unusual punishment does not create a cause of action under the circumstances presented in this case. Defendants rely on the Supreme Court case of *Estelle v. Gamble* and suggest that such a cause of action only exists for convicted prisoners against prison officials under the Eighth Amendment. 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Defendants argument is not well taken.

The Eleventh Circuit has extended the Eighth Amendment (or its standards) to provide a cause of action under Section 1983 for violation of Fourteenth Amendment rights for minor children in foster care. *See Taylor,* 818 F.2d at 796–97.[6] In *Taylor,* the Eleventh Circuit stated:

> Although mindful of the fact that the eighth amendment has been historically limited to criminal proceedings, such substantial similarities exist between a prisoner's situation and the situation of a minor child forced into a foster home that we are justified in holding that the situations are sufficiently analogous to support a section 1983 action.

*Id.*

Nothing has occurred since *Taylor* to indicate that such a cause of action no longer exists in the Eleventh Circuit. Indeed, as noted above, the Eleventh Circuit has adopted those same standards to other

---

3. Neither party has challenged that Defendants were acting within their discretionary authority.

4. Additionally, some of the alleged misconduct occurred after *Spivey v. Elliott,* 29 F.3d 1522, 1526 (11th Cir.1994). In *Spivey,* the Eleventh Circuit extended *Taylor* to create a duty on state officials running a state residential school to protect a deaf student in their care and custody. *See id.*

5. Defendants argue that the Amended Complaint must be dismissed to the extent that it relies on state law to impose obligations on Defendants to know what law has clearly been established. This argument is not well taken. Plaintiff can utilize state law and the duties imposed on defendants for other purposes such as demonstrating that Defendants alleged failures were more than mere negligence.

6. Indeed, the Eleventh Circuit has extended the Eighth Amendment or used its standards to determine when the due process rights of a involuntarily civilly committed person had been violated. *See Dolihite,* 74 F.3d at 1041; *also Spivey,* 29 F.3d at 1526 (extending *Taylor* to create a duty on state officials running a state residential school to protect a deaf student in their care and custody).

groups of persons held in state custody. *See Dolihite*, 74 F.3d at 1041. Defendants motions to dismiss are denied.

### D. Causes of action against defendant supervisors

■ Next, Defendants Desbiens, Adams, Altman, and Allegretti move to dismiss the Amended Complaint arguing that Section 1983 claims based solely on respondeat superior or some sort of vicarious liability are not actionable. Defendants are correct that as a general matter of law Section 1983 claims based solely on the actions or inactions of others are not actionable because of respondeat superior or vicarious liability. *See Braddy v. Fla. Dep't of Labor and Emp. Security*, 133 F.3d 797, 801–02 (11th Cir.1998); *Dolihite*, 74 F.3d at 1052; *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir.1995); *Cross v. Alabama Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1508 (11th Cir.1995). On the other hand, if the supervisor had personal involvement in or there was a history of constitutional deprivations such that the supervisor was on notice and failed to act, then a Section 1983 claim would exist. *See Braddy*, 133 F.3d at 801–02.

This Court has previously examined the alleged roles that each of the defendant supervisors had in the foster care of Plaintiff. The allegations in the Amended Complaint do not allege liability predicated on the actions or inactions of those that they supervised. Instead, liability is predicated on the supervisors personal actions or inactions. Accordingly, Defendants' motions to dismiss are denied.

### E. Rule 8(a) and 12(e)

■ This Court concludes that Defendants' arguments for a more definite statement (because it is impossible to tell who committed what wrongdoing) and for dismissal for failure to comply with Rule 8(a) are without merit.[7] The Amended Complaint contains eight detailed separate counts as to the purported wrongdoing by each Defendant. The Amended Complaint is fifty-two pages long and contains two hundred and eleven paragraphs of allegations. These allegations fully comply with Rule 8(a) and are not so vague or ambiguous under Rule 12(e) that Defendants cannot respond. Defendants motions to dismiss and for a more particular are denied on these grounds.

### F. Motion to strike references to missing records

Finally, Defendants argue that any reference to missing records or gap periods should be stricken from the Amended Complaint. Rule 12(f) of the Federal Rules of Civil Procedure provides that this Court may strike from any pleading any insufficient defense, any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. Pro. 12(f). It is unclear from the Defendants' argument on what basis they seek for this Court to strike this material. It is also unclear from the argument who or what organization has the responsibility for maintaining records and what legal effect, if any, the absence of records would have in a Section 1983 action. This Court need not reach a determination of these questions at this time because it concludes that the allegations of

---

**7.** Even if Plaintiff's Amended Complaint made allegations that collectively accused all defendants of violating Plaintiff's constitutional rights (which it does not), Defendants' motions would still not be well taken. *See Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) (holding despite collective allegations in complaint, the complaint was not deficient under Rule 8(a) because it stated with sufficient particularity facts establishing a causal connection between the defendants' actions and the constitutional deprivation).

missing records do not meet the Rule 12(f) standard.

It is therefore **ORDERED AND AD-JUDGED** that:

1. Defendants motions to dismiss (Dkts.# 6, 14) are **DENIED.**

2. Defendants shall answer Plaintiff's Amended Complaint within eleven days of the date of this Order.