[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2008
THOMAS K. KAHN
CLERK

No. 07-13587
Non-Argument Calendar

_____

D. C. Docket No. 04-03166-CV-AR-2

JIMMY TWILLEY, JR.,

Plaintiff-Appellant,

versus

GOVERNOR BOB RILEY,
KATHY SAWYER,
Commissioner,
MILLER, Judge,
Tuscaloosa Circuit Court,
JUDGE WILL O'REAR,
Montgomery Circuit Court,
DAVID GAY, AL Department of
Mental Health, Bryce Hospital,
SCOTT DONALDSON, Judge,
Tucaloosa Circuit Court,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(July 30, 3008)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Jimmy Twilley, Jr., a patient at a state mental institution proceeding pro se and in forma pauperis, appeals the district court's sua sponte dismissal of his amended complaint pursuant to 28 U.S.C. § 1915A, contending that he sufficiently pleaded a 42 U.S.C. § 1983 claim that the defendants violated his rights by involuntarily committing him to an Alabama state mental hospital. Twilley's complaint alleges claims against Governor Bob Riley, Commissioner Kathy Sawyer, Tuscaloosa Circuit Judge Miller, Tuscaloosa Circuit Judge Scott Donaldson, Montgomery Circuit Court Judge Will O'Rear, Alabama Department of Mental Health employee David Gay, "Bryce Director," and social worker Celeste Smith, all in their official and individual capacities.

Under 28 U.S.C. § 1915A, the district court is to review, as soon as practicable, a prisoner's complaint in a civil action against a government entity in order to dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(a), (b)(1). We review de novo the district court's sua sponte dismissal of a complaint under § 1915A for failure to state a claim, taking all the allegations in the complaint as true. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278–79 (11th Cir. 2001). We liberally

construe pro se pleadings.  Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law."  Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).  "Suits against state officials in their official capacity . . . should be treated as suits against the State."  Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361 (1991).  As such, in order to succeed on an official capacity claim the plaintiff must show that a policy or custom of the governmental entity played a part in the alleged constitutional violation.  Id., 112 S. Ct. at 361–62.  Additionally, there is no respondeat superior liability under § 1983.  Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995).  A plaintiff must plead a basis for holding a defendant liable under § 1983 beyond the fact that he or she was the superior of another defendant.  Id.

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction.  This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."  Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (quotation marks and citations

3

omitted). Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. Id.

Generally, under Fed. R. Civ. P. 8(a)(2), a complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, we have recognized that a heightened standard of pleading is applicable to § 1983 actions against defendants who may assert qualified immunity as a defense. See Swann v. S. Health Partners, Inc., 388 F.3d 834, 838 (11th Cir. 2004). "Qualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Bashir v. Rockdale County, Ga., 445 F.3d 1323, 1327 (11th Cir. 2006) (citation omitted). Under the heightened pleading requirement, the relevant facts must be alleged with "some specificity." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003). We will dismiss a complaint under this standard where the allegations are "vague and conclusory." Id.

4

With respect to Twilley's official capacity claims, Twilley has failed to allege that any of the claimed constitutional violations were the result of a policy or custom of the state of Alabama. As a result, he has failed to state a claim against the defendants in their official capacities. See Hafer, 502 U.S. at 25, 112 S. Ct. at 361–62. The district court properly dismissed all of Twilley's official capacity claims.

As to Twilley's individual capacity claims, Twilley has failed to state a claim against Governor Riley and Commissioner Sawyer. His complaint does not make any specific allegations against Governor Riley and Commissioner Sawyer, but they are instead named as defendants because of their supervisory roles as governor and commissioner of the Alabama prison system. There is no respondeat superior liability under § 1983, see Harris, 65 F.3d at 917, and accordingly the district court properly dismissed these claims.

Twilley has also failed to state a claim against Judge Miller, Judge O'Rear, and Judge Donaldson. His individual capacity claims against these state judges arose out of their actions while presiding over his two commitment hearings and his habeas petition—part of their normal judicial functions. He has not alleged that they acted in the clear absence of all jurisdiction, and accordingly, these defendants are entitled to absolute immunity from damages. See Sibley, 437 F.3d at 1070.

5

The district court properly dismissed these claims.

Finally, Twilley has failed to state a claim against Gay, "Bryce Director," and Smith in their individual capacities because these defendants are entitled to assert the defense of qualified immunity, and his complaint has failed to meet the heightened pleading standard applicable to such claims. Twilley's complaint alleges generally that Gay falsified records to have him recommitted, but it does not include specific facts about what records were falsified or how the information presented was false. This type of "vague and conclusory" allegation is not sufficient to meet the heightened pleading requirement for § 1983 actions. See Gonzalez, 325 F.3d at 1235.

With regard to the defendant labeled as "Bryce Director," Twilley alleges that this defendant transferred him from one state mental hospital to another without a court order. However, under Alabama law mental health officials have the authority to transfer patients from one facility to another without a court order, see Ala. Code § 22-52-10.7, and Twilley has failed to allege why this particular transfer violated any of his federal rights. He has failed to state a claim against the Bryce Director. See id.

As to the individual capacity claims against defendant Smith, Twilley's complaint alleges that Smith intercepted his mail and falsely accused him of

6

threatening her. However, Twilley's complaint does not allege any specific facts about when his mail was intercepted, the content of the mail, or why he believes that Smith was involved. His complaint also does not contain any facts about the alleged false accusations made against him by Smith. These "vague and conclusory" allegations that Smith intercepted his mail and falsely reported that he threatened her are not sufficient to meet the heightened pleading requirement for § 1983 actions. See id.

For these reasons, the district court properly dismissed Twilley's complaint for failure to state a claim.

**AFFIRMED.**