[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15427
Non-Argument Calendar

_____

D.C. Docket No. 4:11-cv-00290-MP-CAS

TONYA L. SIMMONS,

Plaintiff-Appellant,

versus

WARDEN,
RODNEY KING,
Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 2, 2014)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Tonya Simmons, a federal prisoner, appeals the dismissal of her amended complaint that her constitutional rights were violated by the Warden of the Federal Correctional Institute in Tallahassee, Florida, and a prison guard, Rodney King. See 28 U.S.C. § 1331; Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971). The district court dismissed Simmons's complaint for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). We affirm.

The district court did not err by dismissing Simmons's complaint. Simmons failed to "state a claim to relief that is plausible on its face," that is, from which the district court could "draw the reasonable inference" that King violated Simmons's constitutional rights. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Simmons alleged that she was defamed when King imitated her "pigeon-toed walk" and waved his arms while making "monkey sounds," but "[d]efamation, by itself, is . . . not a constitutional deprivation," Siegert v. Gilley, 500 U.S. 226, 233, 111 S. Ct. 1789, 1794 (1991). Simmons complained that King's conduct violated the First Amendment, but Simmons failed to allege that she was punished for or prevented from engaging in a constitutionally protected expression. See U.S. Const. Amend. I. Simmons also complained that King discriminated against her based on her disability in violation of her right to equal protection under the Fourteenth Amendment, but Simmons

failed to allege that King's conduct resulted in a "deprivation . . . of [any] liberty or property interest guaranteed by the Constitution," Emory v. Peeler, 756 F.2d 1547, 1553 (11th Cir. 1985).  See Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995) (recognizing that a prisoner's allegations that he had been twice cited for disciplinary violations because of his race and had his recreational privileges suspended as a result "state[d] a[] . . . Fourteenth Amendment equal protection claim").  Simmons further complained that King "hurt" her feelings and made her "angry and depressed," but we cannot say that her injuries are objectively and sufficiently serious to constitute cruel and unusual punishment under the Eighth Amendment.  See Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006).

We **AFFIRM** the dismissal of Simmons's complaint.