[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12544

_____

D.C. Docket No. 3:08-cv-00856-AKK

SONJA D. KING,

Plaintiff - Appellant,

versus

VOLUNTEERS OF AMERICA, NORTH ALABAMA, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 10, 2015)

Before WILLIAM PRYOR and JORDAN, Circuit Judges, and HAIKALA,[*]
District Judge.

PER CURIAM:

_____

[*] Honorable Madeline Hughes Haikala, District Judge for the Northern District of
Alabama, sitting by designation.

Nearly three years ago, we reversed the district court's grant of summary judgment in favor of Volunteers of America, North Alabama, Inc., on Sonja D. King's racial discrimination claim.  At the trial on remand, the district court granted judgment as a matter of law in favor of Volunteers on that same claim. Ms. King now appeals that ruling, as well as several evidentiary decisions made by the district court.  After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm in part, reverse in part, and remand for further proceedings.

## I

Volunteers, a Christian organization, operates group homes in Alabama serving developmentally challenged individuals.  Ms. King, an African American, worked for Volunteers as a service coordinator.  Her boss was Teresa Stephenson, a Caucasian and the program director for Volunteers' operations in Florence, Alabama.  Ms. Stephenson's boss was Victor Tucker, a Caucasian and Volunteers' chief executive officer.

Ms. King sued Volunteers in May of 2008, asserting claims of racial discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964.  Ms. King alleged that, during her employment with Volunteers, Ms. Stephenson and other Caucasian employees subjected her and other African American employees to racial discrimination and harassment on a

2

daily basis.    After Ms. King and other employees allegedly reported the discrimination and harassment to Mr. Tucker and other supervisors, Volunteers terminated Ms. King.  Ms. King also alleged that Ms. Stephenson gave her several unwarranted reprimands and that Ms. Stephenson was the proximate cause—or cat's paw—behind Mr. Tucker's ultimate decision to terminate Ms. King.

In October of 2011, the district court granted summary judgment in favor of Volunteers.  On appeal, we reversed and remanded the case to the district court, because we concluded that the record contained sufficient evidence for Ms. King to have a jury decide her racial discrimination, retaliation, and hostile work environment claims.  *See King v. Volunteers of Am., N. Ala., Inc.*, 502 F. App'x 823 (11th Cir. 2012).

Following remand, the district court ruled on a number of evidentiary issues, including whether several witnesses could testify on behalf of Ms. King.  Ms. King's case went to trial in January of 2014.  At the close of Ms. King's case, Volunteers moved for judgment as a matter of law on Ms. King's discrimination and retaliation claims.  Volunteers argued that Ms. King had not shown that Ms. Stephenson had a racial animus or that the termination was sufficiently motivated by racial animosity.  The district court denied Volunteers' motion on the retaliation claim, finding that Ms. King had presented sufficient evidence.  The district court,

3

however, found the discrimination claim "more difficult." Summarizing Ms. King's argument, the district court stated:

> It seems to me, Mr. Weathers, that your client's case essentially is that for as long as she did what Ms. Stephenson wanted her to do, everything was copacetic. But when she opposed discrimination, that was when Ms. Stephenson purportedly started writing her up to build a case to terminate her.
>
> [Ms. King's attorney replied in the affirmative].
>
> And if that's the argument, then isn't that more a retaliation argument instead of a race discrimination argument?

D.E. 197 at 9. After several more minutes of discussion, the district court concluded that "the evidence is retaliatory in nature," that Ms. King had not shown that she was discriminated against because of her race, and that the "best-case scenario" for Ms. King was that Ms. Stephenson retaliated against her after learning that Ms. King was filing race-based discrimination complaints.

Ms. King protested that "any decision Ms. Stephenson made then would be based upon Ms. King's race." The district court disagreed. Because Ms. King and Ms. Stephenson worked together for "a year-and-a-half apparently" and "everything was fine until [Ms. King] complained about alleged harassment," the district court reasoned that Ms. King's evidence was better suited to a retaliation claim, as opposed to a discrimination one. The district court thus granted Volunteers' motion for judgment as a matter of law as to Ms. King's racial

4

discrimination claim.   The jury found in favor of Volunteers on the remaining

claims.  Ms. King now appeals.[1]

## II

We review a district court's grant of a judgment as a matter of law *de novo*.

*See Bogle v. Orange Cnty. Bd. of Cnty. Com'rs*, 162 F.3d 653, 656 (11th Cir.

1998).  In doing so, we apply the same standards as the district court.  That is, we

consider all the evidence in the light most favorable to Ms. King and grant her the

benefit of all reasonable inferences.  *See id.   See also* Fed. R. Civ. P. 50(a)(1).

"Judgment as a matter of law is appropriate only if the evidence is so

overwhelmingly in favor of the moving party that a reasonable jury could not

arrive at a contrary verdict."  *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241,

1246 (11th Cir. 2001).

## A

As an initial matter, Volunteers argues that Ms. King has abandoned her

right to appeal her race discrimination claim because she failed to adequately

---

[1] Ms. King states in her initial brief—in a footnote—that "[t]here is a lingering issue of whether [her] lawsuit properly includes claims under § 1981."  The district court ruled during a pretrial conference that Ms. King was not permitted to add a § 1981 claim to her suit when it previously granted her leave to amend her complaint.  Ms. King argued to the district court that, in a prior appeal, we had held that she properly pled § 1981 in her case.

Ms. King, however, does not raise this issue on appeal.  It is therefore abandoned, and we will not address it.  *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.").

address the district court's ruling in her initial brief.  Volunteers' argument lacks merit.  Although an appellant must do more than make a passing reference to the claim he or she wishes to appeal, *see Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1413 n.7 (11th Cir. 2011), Ms. King has more than adequately briefed the issue on appeal, devoting more than half of the argument section in her initial brief to explaining why the district court erred in granting judgment as a matter of law.  Ms. King did not abandon this issue on appeal simply because Volunteers does not like the way she has framed her argument.  *See Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1542 (11th Cir. 1994) ("[B]riefs should be read liberally to ascertain the issues raised on appeal.").  We thus proceed to the merits of Ms. King's appeal.

**B**

When Ms. King appealed the district court's earlier grant of summary judgment on her racial discrimination claim, we reversed and remanded her case for trial.  In reviewing the evidence on the racial discrimination claim, we concluded that the record contained sufficient evidence to create a material dispute about whether Ms. King was terminated because of her race.

Specifically, we explained that (1) April Chandler testified that Ms. Stephenson stated that she would engineer Ms. King's termination; (2) Ms. King testified that Ms. Stephenson told her that Mr. Tucker rubber stamps all of Ms. Stephenson's recommendations; (3) all of Ms. King's written reprimands were

signed by Ms. Stephenson and some of the reprimands were signed by Ms. Stephenson alone; and (4) Mr. Tucker's letter terminating Ms. Stephenson cited several reprimands that occurred only because Ms. Stephenson initiated them. *See King*, 502 F. App'x at 828. We also noted that Ms. Stephenson was accused of making "outrageous, daily statements derogating African-American employees." *Id.* at 829. We held that this evidence was sufficient for a jury to find that Ms. King's race was the real reason for her termination. *Id.*

So, if the evidence Ms. King presented at trial was the same as the evidence she presented at summary judgment, her retaliation claim should have gone to the jury. The "law of the case" doctrine provides that "findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005) (citation and internal quotation marks omitted).

We recognize that a party may present vastly different evidence at trial than it did at summary judgment. In such a scenario, our prior holding with respect to summary judgment would not control the district court's ruling on a motion for a judgment as a matter of law. *See Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1283–84 (11th Cir. 2005) ("When the record changes, which is to

7

say when the evidence and the inferences that may be drawn from it change, the issue presented changes as well.").

Ms. King introduced the same material evidence at trial that she did on summary judgment. First, Ms. Chandler testified at trial that Ms. Stephenson demanded that she (Ms. Chandler) write a letter with false allegations about Ms. King. Ms. Chandler said that Ms. Stephenson told her that Ms. Stephenson wanted to give the letter to Mr. Tucker in an effort to get Ms. King fired. Second, Ms. King testified at trial that Ms. Stephenson "told [her] that [Mr.] Tucker [would] do anything that [Ms. Stephenson] said," that is, that Mr. Tucker "basically [would] rubber-stamp anything that [Ms. Stephenson] sent up." Third, Ms. King introduced into evidence the written reprimands upon which Mr. Tucker relied, at least in part, when he terminated Ms. King. All of these reprimands contained Ms. Stephenson's signature, and some of them were signed by only Ms. Stephenson. And finally, Ms. King admitted into evidence Mr. Tucker's letter informing her of her termination, which cited the written reprimands signed by Ms. Stephenson.

Volunteers makes several arguments in an attempt to avoid the law of the case doctrine. None are persuasive.

First Volunteers argues that the evidence at trial was different. What is missing, Volunteers claims, is that Ms. King never testified at trial that she was fired "solely because [she is] black," something she had claimed in her declaration

8

in opposition to summary judgment.  Ms. King's summary judgment appeal, however, did not, and could not, turn on a self-serving, conclusory statement about why Ms. King believed she was terminated.  *See Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 851 (11th Cir. 2000) (holding that a "bare and self-serving allegation where [the plaintiff] ha[s] no personal knowledge is inadequate to carry [the] burden on summary judgment").

Next, Volunteers argues that the district court's judgment as a matter of law was correct because retaliation and discrimination claims are different, and thus require different evidentiary proof.  This is true, but it does not help Volunteers. Simply because two different claims have different elements does not mean that certain testimony or evidence cannot support both claims.  And we have previously held the same in an analogous context.  *See Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995) (holding, in a summary-judgment appeal, that affidavits from two prison inmates—alleging that the defendant used racist language, filed disciplinary reports against the plaintiff in retaliation for earlier litigation, and threatened the plaintiff—supported both a First Amendment retaliation claim and a Fourteenth Amendment racial discrimination claim).

Finally, Volunteers argues that even if the district court erred, the error was harmless.  Because the jury found for Volunteers on Ms. King's retaliation and hostile work environment claims, Volunteers argues that the jury could not

9

possibly have found for Ms. King on the discrimination claim.  But as Volunteers previously noted, retaliation and discrimination claims are different and have different elements.  Thus, it would not be logically inconsistent for a jury to find that discrimination, but not retaliation, occurred.  And the same goes for the hostile work environment claim.  On this record, we cannot say that Ms. King's racial discrimination claim would have failed simply because the jury rejected the other claims.

As the key material evidence we considered in Ms. King's appeal from the district court's summary judgment order was admitted at trial, our holding in her earlier appeal governs.  *See Transamerica Leasing*, 430 F.3d at 1331.  Ms. King presented sufficient evidence on her racial discrimination claim for it to reach a jury, and we reverse the district court's order granting judgment as a matter of law.[2]

## III

Next, we address Ms. King's appeal of the district court's evidentiary rulings excluding or limiting testimony of four witnesses—April Chandler, Cassandra Renee Nichols, Cassandra Hall, and Renee Smith.  To reverse the district court's

---

[2] Ms. King argues in a footnote that she is entitled to a new trial on all her claims because they are closely intertwined, so the jury should have been able to consider them all together.  She does not, however, provide any legal authority for her argument, nor explain how the jury's verdict on her retaliation or hostile work environment claims would have been any different had the district court denied judgment as a matter of law on her racial discrimination claim.  She has therefore abandoned the argument on appeal.  *See Walter Int'l Prods.*, 650 F.3d at 1413 n.7.

evidentiary rulings, Ms. King must show that she (1) adequately preserved her claims or that the district court's ruling was plain error, (2) "the district court abused its discretion in interpreting or applying an evidentiary rule," and (3) the district court's "error affected a substantial right." *United States v. Stephens*, 365 F.3d 967, 974 (11th Cir. 2004) (internal quotation marks, citations, and alteration omitted).

To adequately preserve her objections, Ms. King must have "inform[ed] the court of [the evidence's] substance by an offer of proof, unless the substance was apparent." Fed. R. Evid. 103(a)(2). *See also Stephens*, 365 F.3d at 974. If the objection was preserved, under "an abuse-of-discretion standard[ ] we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2006). To the extent that Ms. King objects about the exclusion of witnesses' proposed "me too" testimony, "under Rule 401, the district court retains the discretion to exclude that evidence, under Rule 403, if it is unduly prejudicial, confusing, misleading, or cumulative." *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1258 (11th Cir. 2014).

Even if we assume that Ms. King adequately preserved her objections regarding the exclusion of witnesses' testimony, she has failed to show that the district court's rulings were an abuse of discretion. She has not directed us to any

11

proposed testimony that convinces us that the district court made a clear error in judgment or applied the wrong legal standard. Instead, Ms. King argues that the district court was imprecise in its exclusions and failed to explain its rulings. We disagree. In fact, the district court was quite clear in its evidentiary rulings, and it is Ms. King who has failed to adequately identify any testimony that was improperly excluded.

When asked at oral argument, Ms. King's attorney struggled to identify record evidence about what proposed testimony each witness should have been able to give on Ms. King's behalf. Much of Ms. King's argument appears to be a broad assertion that the district court erred in refusing to allow Ms. King's witnesses to testify about their own problems at Volunteers, regardless of whether Ms. King was aware of those incidents. It is not an abuse of discretion for a district court to exclude evidence that Ms. King failed to show affected her claims. And even if some of the proposed testimony was relevant to her claims, Ms. King has not shown how the district court abused its discretion to limit the testimony under Rule 403. We review the circumstances surrounding each witness below.

First, Ms. Chandler was an employee who had her own lawsuit against Volunteers. Ms. King wanted Ms. Chandler to testify that Ms. Stephenson directed Ms. Chandler to write a false statement about Ms. King that Ms. Stephenson could use to get Ms. King terminated. The district court permitted this testimony over

12

Volunteers' objections, but warned Ms. King that Ms. Chandler could not testify about her own lawsuit against Volunteers.  Ms. Chandler subsequently testified at trial about the false statement Ms. Stephenson asked her to write.  On appeal, Ms. King fails to cite any other specific testimony that she should have been able to elicit from Ms. Chandler.  Although we question whether any objection regarding Ms. Chandler was properly preserved on this record, Ms. King nonetheless has failed to show that the district court abused its discretion with regard to the scope of Ms. Chandler's testimony.

Second, Ms. Nichols was also an employee with her own lawsuit against Volunteers.  Volunteers moved to exclude Ms. Nichols' testimony on a number of grounds.  Ms. King argued that she wanted Ms. Nichols to testify that, similar to Ms. Chandler, Ms. Stephenson made Ms. Nichols write a false statement about Ms. King in an effort to get Ms. King terminated.  Ms. King also wanted Ms. Nichols to testify about "numerous occasions when there was racial harassment in the workplace."  The district court allowed Ms. Nichols' proposed testimony about Ms. Stephenson's actions, but ruled that Ms. Nichols could not testify about her own problems with Volunteers that were unrelated to Ms. King's claims.  Significantly, Ms. King never called Ms. Nichols to testify at trial.  And Ms. King does not explain on appeal how she has preserved her claim with regard to Ms. Nichols, despite her failure to testify.  In any event, even if we held that Ms.

King's claim regarding Ms. Nichols was properly preserved, the district court did not abuse its discretion in so limiting Ms. Nichols' testimony.

Third, Ms. Hall was likewise a Volunteers employee.  Ms. King struggled mightily to explain to the district court precisely what Ms. Hall would testify about and why it was relevant to her case.  As best we can gather from the record, Ms. Hall might have been able to testify about an incident involving reassignment of two employees that might have served as the basis of one of Ms. King's reprimands.  When the district court asked Ms. King's attorney whether any of her reprimands involved this reassignment, however, her attorney conceded that "I'm not sure they do."  The district court ruled that Ms. King had not been able to show the relevance of Ms. Hall's testimony.  On appeal, Ms. King makes no argument about any specific testimony that Ms. Hall should have been able to give.  On this record, Ms. King has failed to show the district court abused its discretion with regard to any limitations on Ms. Hall's testimony.

Finally, Ms. Smith was another Volunteers employee.  Ms. King wanted Ms. Smith to testify that Ms. Stephenson would bring her 8-year-old son to work, and that Ms. Smith had heard the child make racially derogatory statements.  The district court held the potential hearsay testimony "to the extent it even has any probative value, [is] far outweighed by the substantial prejudice."  Ms. King has failed to explain on appeal how the district court abused its discretion by excluding

14

the hearsay testimony of a witness who allegedly heard a nonparty minor child make racially derogatory statements.

In sum, the district court did not abuse its discretion when it ruled that some of the proposed testimony would confuse the jury (indeed, Ms. King had great difficulty explaining much of the proposed testimony to the district court). And the district court correctly ruled that other testimony was not relevant, was unduly prejudicial, or could create a series of mini-trials about other witnesses' potential claims against Volunteers. We thus affirm the district court's evidentiary rulings regarding these four witnesses.

## IV

Accordingly, we reverse the district court's judgment as a matter of law on Ms. King's racial discrimination claim and remand for a new trial on that claim alone. We affirm the district court's evidentiary rulings.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**