[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10236
Non-Argument Calendar

_____

D.C. Docket No. 02-00755-CV-5-CLS

SHERRYL SNODGRASS CAFFEY,

Plaintiff-Appellant,

versus

LIMESTONE COUNTY, AL, its agents, officers,
employees, successors in office, and all persons acting in
concert or in participation in the matters complained of
herein, individually, and in their official capacities,

LIMESTONE COUNTY COMMISSION, consisting of:
Stanley Menefee, David Seibert, Tommy Raby, Bill
Latimer, and Gerald Barksdale, in their official capacities,

MIKE BLAKELY,

ALLEN CRAIG, individually, and in their official
capacities as Sheriff and Deputy Sheriff of
Limestone County respectively,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

**(July 6, 2007)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

This is the third appeal in this case.  In this appeal, Sherryl Snodgrass Caffey, an attorney proceeding pro se, appeals the district court's August 31, 2006 and December 13, 2006 orders granting summary judgment in favor of the only remaining defendants: Limestone County, Alabama; the Limestone County Commissioners, in their official capacity; Limestone County Sheriff Mike Blakely, individually and in his official capacity; and Deputy Sheriff Allen Craig, individually and in his official capacity.  After review, we affirm.

## I.  BACKGROUND

### A.  Complaint

On March 25, 2002, Caffey filed her initial complaint, which she subsequently amended, naming as defendants several state and local officials, including the four defendants named above.  In her amended complaint, which incorporated by reference the claims in her initial complaint, Caffey alleged

2

numerous constitutional violations under 42 U.S.C. § 1983 and violations of state law. All of her claims arose out of an incident in which Caffey, an attorney, was held in contempt of court and incarcerated for approximately twenty-four hours in the Limestone County Jail.

With particular relevance to this appeal is Caffey's claim that the conditions of her confinement violated the Eighth Amendment's prohibition against cruel and unusual punishment. This claim was asserted against only the four defendants named above. Specifically, Caffey's amended complaint alleged that she was humiliated by being placed in solitary confinement in the all-male section of the jail with a window in her cell that allowed male inmates, jailers, and visitors to observe her at all times, including while she used the toilet or got undressed. In addition, Caffey's amended complaint alleged that a camera in her cell was watched only by men and allowed male jailers to observe her at all times. Caffey's amended complaint further alleged that the window and camera allowed male jailers and inmates to invade her privacy and to taunt her with lewd and obscene statements and gestures. According to Caffey's amended complaint, the defendants "maintained a policy, custom and practice of incarcerating inmates under unlawful and humiliating conditions," and, as a result, "she was subjected to cruel and unusual punishment in violation of the 8th Amendment to the United

3

States Constitution by being incarcerated in the all male section of the jail in a windowed cell and with a camera manned by men trained on her at all times." Caffey also alleged that, as a result of these conditions, she endured severe mental anguish and emotional distress.

**B.    Two Prior Appeals**

Following the defendants' motions to dismiss, the district court entered an order dismissing all of Caffey's claims in both her original and amended complaints based upon the Rooker-Feldman doctrine.[1]  On appeal, this Court affirmed the district court's dismissal as to all claims except for Caffey's Eighth Amendment claim and one state law claim related to prison conditions.  See Caffey v. Alabama, No. 02-15271 (11th Cir. Mar. 6, 2003).  This Court remanded the case to the district court for further proceedings on the remaining claims.

On remand, after giving the parties an opportunity to submit additional arguments, the district court, sua sponte, dismissed Caffey's Eighth Amendment claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  The district court also declined to exercise supplemental jurisdiction over the remaining state law claim, which it dismissed without prejudice.  Caffey again appealed to this Court.

---

[1]See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82, 103 S. Ct. 1303, 1311-15 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 150 (1923).

4

In Caffey's second appeal, this Court reversed, concluding that only one of Caffey's challenges to the conditions of her confinement, namely, her "opposite-sex viewing claim," stated a cause of action and survived Rule 12(b)(6).[2] Caffey v. Limestone County, Ala., No. 04-13822, slip op. at 17-18 (11th Cir. Mar. 9, 2005). This Court summarized the scope of Caffey's claim: "What Caffey is effectively complaining about is having to expose her sexual organs to members of the opposite sex when she undressed or used the toilet in solitary confinement." Id. at 10. After reviewing the specifics of Caffey's claims, this Court concluded that, for purposes of Rule 12(b)(6), "Caffey's allegations of a malicious, on-going practice of opposite-sex viewing without any penological purpose done to harass or humiliate states a claim under the Eighth Amendment." Id. at 17. This Court explicitly noted, however, that "[o]n remand, it may become clear that the invasions of bodily privacy are not as severe as alleged, that there are valid reasons for placing Caffey in the all-male section of the jail, or that the opposite-sex monitoring of Caffey was not done pursuant to a policy or practice established to humiliate and harass female inmates." Id. Accordingly, this Court vacated the district court's order dismissing the case and remanded only the opposite-sex-

---

[2]This Court affirmed the dismissal of Caffey's other challenges to the conditions of her confinement, such as her claims based on the quality of the food and the comfort of the bedding.

5

viewing claim for further proceedings consistent with its opinion.[3]

## C.     Current Proceedings

On remand, the defendants each filed motions for summary judgment. On August 31, 2006, the district court entered a memorandum opinion and order granting summary judgment to: (1) Deputy Sheriff Craig, because Caffey had failed to present any evidence that Craig had contact with Caffey once she was at the jail or that he was responsible for the conditions of her confinement; (2) Sheriff Blakely, in his official capacity, because he was entitled to Eleventh Amendment immunity; and (3) the Limestone County defendants, because these defendants had no control over the daily operations of the Limestone County Jail and, therefore, could not be held liable under § 1983.

As for Caffey's Eighth Amendment claim against Sheriff Blakely in his individual capacity, the district court reserved ruling on this part of Defendant Blakely's motion for summary judgment and ordered the parties to submit supplemental briefing. On December 13, 2006, after the parties submitted their supplemental briefs, the district court entered a memorandum opinion and order granting summary judgment on Caffey's Eighth Amendment claim against

---

[3]This Court also directed the district court to readdress its jurisdiction over the remaining state law claim on remand. On remand, the district court again declined to exercise its supplemental jurisdiction over the claim and dismissed the claim without prejudice. Caffey does not challenge this ruling on appeal.

6

Defendant Blakely in his individual capacity based on qualified immunity.

Caffey now appeals the district court's August 31, 2006 and December 13, 2006 orders granting summary judgment to all defendants.

## II. DISCUSSION

On appeal, Caffey argues that the district court erred by granting summary judgment to the defendants.[4] Although each defendant raised various defenses or immunities to Caffey's claims, we need not address those defenses here because we conclude that Caffey has failed to present evidence of a violation of her Eighth Amendment rights.

This Court has recognized that inmates have a constitutional right to bodily privacy and that the involuntary exposure of their genitals in the presence of members of the other sex states a claim for violation of privacy rights under Fortner v. Thomas, 983 F.2d 1024 (11th Cir. 1993), but does not state a claim for an Eighth Amendment violation where there is only de minimis injury. See Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006) (concluding that "a female prison guard's solicitation of a male prisoner's manual masturbation" stated a

---

[4]We review de novo the district court's grant of summary judgment, drawing all facts and inferences in the light most favorable to the non-moving party. See Bircoll v. Miami-Dade County, 480 F.3d 1072, 1081 n.12 (11th Cir. 2007). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.

claim for violation of the plaintiff's privacy rights under Fortner but failed to state a claim under the Eighth Amendment), cert. denied, __ U.S. __, 127 S. Ct. 1908 (2007). The problem for Caffey is her appeal is before us on only an Eighth Amendment claim.[5]

For several reasons, we conclude that Caffey failed to produce sufficient evidence by which a reasonable jury could find a violation of her Eighth Amendment rights, and therefore, that the district court did not err in granting summary judgment to the defendants.

First, the mere fact that Caffey was placed in a holding cell that had a window on the door and a camera in the cell for surveillance does not establish an Eighth Amendment violation. See Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995). The uncontroverted evidence in the record shows that these specific security measures were implemented for valid, penological reasons, namely, to monitor inmates in holding cells in order to protect those who might become ill or attempt to harm themselves. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (explaining that, in certain circumstances, correctional officers are under a duty to monitor inmates). Moreover, there was no evidence presented that Caffey was placed in the holding cell for a malicious purpose, such as to view her while

---

[5]Caffey has not brought a claim for violation of her constitutional right to bodily privacy under Fortner.

naked or otherwise humiliate her. Thus, we agree with the district court that the opposite-sex monitoring of Caffey by prison guards during her twenty-four hour stay in the holding cell, either through the window or the camera, does not amount to a deprivation of Caffey's Eighth Amendment rights.[6]

Second, Caffey's Eighth Amendment claim complains only about exposure of her genitals when she used the toilet and when a female guard came into the cell and required her to take off her pantyhose. However, there is simply no evidence in this record that any opposite-sex viewing by unattended male inmates and visitors ever occurred at a time when Caffey exposed her genitals during her twenty-four hour stay. Although Caffey presented evidence indicating that unattended male inmates and visitors passed in front of her cell in violation of jail policy, and that these males could see into all areas of Caffey's cell, including the toilet,[7] there is no evidence that a male inmate or visitor ever watched Caffey at the moment that she used the toilet or got undressed.

Finally, even if we construe the evidence in the record to support an

---

[6]Caffey, an attorney held in contempt of court, was in a holding cell by herself in the administrative area on the first floor of the jail because, in part, the jail was concerned for her safety.

[7]Although the defendants presented evidence that the toilet could not be seen from the window or through the surveillance camera, Caffey presented evidence that the toilet could be seen. At the summary judgment stage, we must construe the evidence in the light most favorable to Caffey. Thus, we assume that the toilet could be seen by anyone looking through the window to the holding cell or watching the monitors from the surveillance camera.

inference that unattended male inmates and visitors did briefly observe Caffey while she exposed her genitals, there is no evidence that Caffey suffered more than de minimis injuries. See Boxer X, 437 F.3d at 1111. In light of Boxer X, we cannot say that Caffey has presented evidence of an injury that is "objectively, sufficiently serious" enough to support an Eighth Amendment claim. Id. Indeed, this case involves conduct that is much less egregious conduct than what amounted to only a de minimis injury in Boxer X and is insufficient to support a claim for a violation of Caffey's Eight Amendment rights.

## III. CONCLUSION

For all these reasons, we conclude that the district court did not err in granting summary judgment to the defendants on Caffey's Eighth Amendment claim.[8]

**AFFIRMED.**

---

[8]Caffey also argues that the district court erred in denying: (1) her motion for default judgment; and (2) her motion to vacate the district court's August 31, 2006 order. We conclude, without further discussion, that the district court did not err in denying these motions.

Additionally, although Caffey noticed her intent to appeal the district court's January 25, 2006 order denying her motion to compel and its September 29, 2006 order striking her supplemental brief, she has failed to raise any argument about these orders in her brief. Accordingly, we find that she has waived these issues on appeal. See Mathews v. Crosby, 480 F.3d 1265, 1268 n.3 (11th Cir. 2007).